# United States District Court
# Central District of California

## AMENDED

| | | | | |
|---|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | Docket No. | CR 87-00571-SVW-1 | |
| **Defendant** Elrader Browning, Jr. | | Social Security No. __ __ __ __ | | |
| akas: _____ | | (Last 4 digits) | | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 08 | 29 | 1988 |

**COUNSEL** — The Court appointed Legal Adviser Richard Burda, to assist the pro per defendant. The legal Advisor was present.
(Name of Counsel)

**PLEA** — [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING** — There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:

Manufacture, Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 U.S.C. 841(a)(1) as charged in counts 2-10, 12, 14-17, 19, 21-37, 39-43, Engaging in Narcotics Related Financial Transaction in violation of Title 18 USC 1956 (a)(1)(A) as charged in counts 11, 18 & 20, Conspiracy to Distribute Cocaine in violation of Title 21 U.S.C. 846; 841(a)(1) as charged in count 38 and Continuing Criminal Enterprise a violation of Title 21 U.S.C. 848 as charged in Count 44 of the 4th Superceding Indictment.

**JUDGMENT AND PROB/COMM ORDER** — The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

LIFE without possibility of parole, as to count 44, and pay a fine to the United States in the amount of two million dollars ($2,000,000.00). IT IS FURTHER ORDERED that as to count 37, the defendant is committed to the custody of the Attorney General for imprisonment for the term of LIFE.

IT IS FURTHER ORDERED, as to counts 1-12 and 14-36, the defendant be committed to the custody of the Attorney General for a term of 20 years on each count. IT IS FURTHER ORDERED that the sentence herein imposed on count 37 shall run consecutive to the sentence imposed on count 44 and the sentence imposed on each of counts 1-12 and 14-36 shall run concurrent to each other and consecutive to that imposed in count 44.

IT IS FURTHER ORDERED as to counts 38-43, the defendant be committed to the custody of the Attorney General for imprisonment for a term of 20 years as each count.

IT IS FURTHER ORDERED that the sentence imposed on counts 38-43 shall run consecutive to each other and consecutive to the sentece imposed on counts 44, 37, 1-12, and 14-36.

IT IS FURTHER ORDERED that the defendant, whose address is: FCI, Leavenworth, Kansas, pay a special assessment to the United States in the amount of $2,200.00 ($50.00 on each count), payable to the U.S. Treasury, U.S. Attorney, 312 N. Spring Street, Los Angeles, CA 90012 (Room 1347, Claims & Judgments). All counts to which the defendant is sentenced are contained in the 4th Superceding Indictment.

Count 1 is hereby vacated pursuant to the Order of the 9th Circuit Court of Appeal, Case No. 16-71091, filed 10/20/2016.

IT IS ORDERED that all other orders remain in effect under the same terms and conditions as originally imposed.

USA vs.  Elrader Browning, Jr.                                    Docket No.:  CR 87-00571-SVW-1

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_3/10/17_
Date

_(signature)_
U.S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

03/10/2017
Filed Date

By _(signature)_
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. Elrader Browning, Jr.                                    Docket No.: CR 87-00571-SVW-1

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | |
|---|---|
| USA vs. Elrader Browning, Jr. | Docket No.: CR 87-00571-SVW-1 |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date         Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date       Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant         Date

_____     _____
U. S. Probation Officer/Designated Witness     Date

# NOTICE PARTY SERVICE LIST

Case No. _____    Case Title _____

Title of Document _____

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| ▓ | BOP (Bureau of Prisons) |
| | CA State Public Defender |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Assignment Administrator |
| | Chief Deputy - Administration |
| | Chief Deputy - Case Processing |
| | Chief Deputy - Judicial Services |
| | CJA Supervising Attorney |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Deputy-in-Charge Eastern Division |
| | Deputy-in-Charge Southern Division |
| | Federal Public Defender |
| ▓ | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | Managing Attorney, Legal Services Unit |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| ▓ | PSA - Los Angeles (PSALA) |
| ▓ | PSA - Riverside (PSAED) |
| ▓ | PSA - Santa Ana (PSASA) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorney's Office - Civil Division -L.A. |
| | US Attorney's Office - Civil Division - S.A. |
| | US Attorney's Office - Criminal Division -L.A. |
| | US Attorney's Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| ▓ | US Marshals Service - Los Angeles (USMLA) |
| ▓ | US Marshals Service - Riverside (USMED) |
| ▓ | US Marshals Service - Santa Ana (USMSA) |
| ▓ | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |
| | Warden, Central California Women's Facility |

**ADD NEW NOTICE PARTY**
*(if sending by fax, mailing address must also be provided)*

Name: _____

Firm: _____

Address *(include suite or floor)*: _____

*E-mail: _____

*Fax No.: _____

\* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____

***AMENDED JUDGMENT***

United States of America vs.

**DEFENDANT:** ELRADER BROWNING, JR.

United States District Court for CENTRAL DISTRICT OF CALIFORNIA

**DOCKET NO.** CR 87-571(D)-SVW

# JUDGMENT AND PROBATION/COMMITMENT ORDER  AO-245 (9/82)

In the presence of the attorney for the government the defendant appeared in person on this date —
**MONTH** 08  **DAY** 29  **YEAR** 88

**COUNSEL**
[X] WITHOUT COUNSEL
[ ] WITH COUNSEL

However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived ~~appointment~~ of counsel. The Court, however, appointed a Legal Advisor, Richard Burda, to assist the ~~pro per defendant. Said Legal Advisor was present.~~
(Name of Counsel)

**PLEA**
[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,
[ ] NOLO CONTENDERE,
[ ] NOT GUILTY

ENTERED ON COURTRAN
OCT 24 1988

There being a finding/verdict of
[ ] NOT GUILTY. Defendant is discharged
[X] GUILTY.

**FINDING & JUDGMENT**
Defendant has been convicted as charged of the offense(s) of Conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846 as charged in ct 1, Manufacture, Distraibution and Possession w/Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841(a)(1) as charged in counts 2-10, 12, 14-17, 19, 21-37, 39-43, Engaging in Narcotics Related Financial Transaction in violation of Title 18 USC 1956(a)(1)(A) as charged in counts 11, 18 & 20, Conspiracy to Distribute Cocaine in violation of Title 21 USC 846; 841(a)(1) as charge in count 38, Continuing Criminal Enterprise a violation of Title 21 USC 848 as charged in ct 44 of 4th Superseding Indictment. ***THE JUDGMENT OF 8/29/88 WAS AMENDED NUNC PRO TUNC TO 8/29/88 AS FOLLOWS:*** The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of LIFE without

**SENTENCE OR PROBATION ORDER**
possibility of parole, as to count 44, and pay a fine to the United States in the amount of two million dollars ($2,000,000.00). IT IS FURTHER ORDERED that, as to count 37, the defendant is committed to the custody of the Attorney General for imprisonment for the term of LIFE. IT IS FURTHER ORDERED, as to counts 1-12 and 14-36, the defendant be committed to the custody of the Attorney General for imprisonment for a term of 20 years on each count. IT IS FURTHER ORDERED that the sentence herein imposed on count 37 shall run consecutive to the sentence imposed on count 44 and the sentence imposed on each of counts 1-12 and 14-36 shall run concurrent to each other and consecutive to that imposed in count 44. ***IT IS FURTHER ORDERED, as to counts 38-43, the defendant be committed to the custody of the Attorney General for imprisonment for a term of 20 years as to each count. IT IS FURTHER ORDERED that the sentence imposed on counts 38-43 shall run consecutive to each other and consecutive to the sentence imposed on counts 44, 37, 1-12, and 14-36.*** IT IS FURTHER ORDERED that the defendant, whose address is FCI,Leavenworth Kansas, pay a special assessment to the United States in the amount of $2,200.00 ($50.00 on each count), payable to the U.S. Treasury, U.S. Attorney, 312 N. Spring Street, Los

**SPECIAL CONDITIONS OF PROBATION**

**ADDITIONAL CONDITIONS OF PROBATION**
In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**
Angeles, CA 90012 (Room 1347, Claims & Judgments) All Counts to which the defendant is sentenced are contained in Superseding Indictment.

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY**
[X] U.S. District Judge
[ ] U.S. Magistrate

FILED: October 6, 1988
LEONARD A. BROSNAN, Clerk, by [signature]
STEPHEN V. WILSON
Date October 6, 1988

ENTERED OCT 24 1988 CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

RECEIVED OCT 6 1988 CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

United States of America vs.

DEFENDANT: [redacted]

United States District Court for [...] OF CALIFORNIA

DOCKET NO. — [...] 87-571-(J)-SVW

# JUDGMENT AND PROBATION/COMMITMENT ORDER
AO-245 (9/82)

In the presence of the attorney for the government the defendant appeared in person on this date —

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 29 | 88 |

**COUNSEL**

[ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel. The Court, however, appointed a Legal Advisor, Richard Burda, to assist the defendant. Said Legal Advisor was present.

[ ] WITH COUNSEL [_____] (Name of Counsel)

**PLEA**

[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,

[ ] NOLO CONTENDERE,   [ ] NOT GUILTY

There being a finding/verdict of
[ ] NOT GUILTY. Defendant is discharged
[X] GUILTY.

**FINDING & JUDGMENT**

Defendant has been convicted as charged of the offense(s) of Conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846 as charged in ct 1, Manufacture, Distribution and Possession w/Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841(a)(1) as charged in counts 2-10, 12, 14-17, 19, 21-37, 39-43, Engaging in Narcotics Related Financial Transaction in violation of Title 18 USC 1956(a)(1)(A) as charged in counts 11, 18 & 20, Conspiracy to Distribute Cocaine in violation of Title 21 USC 846; 841(a)(1) as charge in count 38, Continuing Criminal Enterprise a violation of Title 21 USC 848 as charged in ct 44 of 4th Superseding Indictment. ***THE JUDGMENT OF 8/29/88 WAS AMENDED NUNC PRO TUNC TO 8/29/88 AS FOLLOWS:

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of LIFE without

**SENTENCE OR PROBATION ORDER**

possibility of parole, as to count 44, and pay a fine to the United States in the amount of TWO MILLION DOLLARS ($2,000,000.00). IT IS FURTHER ORDERED that, as to count 37, the defendant be committed to the custody of the Attorney General for imprisonment for the term of LIFE. IT IS FURTHER ORDERED, as to counts 1-12 and 14-36, the defendant be committed to the custody of the Attorney General for imprisonment for a term of 20 years on each count. IT IS FURTHER ORDERED that the sentence herein imposed on count 37 and counts 1-12 and 14-36 shall run concurrent to each other and consecutive to that imposed

**SPECIAL CONDITIONS OF PROBATION**

on count 44. ***IT IS FURTHER ORDERED, as to counts 38-43, the defendant be committed to the custody of the Attorney General for imprisonment for a term of 20 years as to each count. IT IS FURTHER ORDERED that the sentence imposed on counts 38-43 shall run consecutive to each other and consecutive to the sentence imposed on counts 1-12, 37, 1-12 and 14-36 ***. IT IS FURTHER ORDERED that the defendant, whose address is VCI Leavenworth Kansas pay a special assessment to the United States in the amount of $2,200.00 ($50 on each count), payable to the U.S. Treasury. U.S. Attorney, 312 N. Spring Street, Los

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

[illegible text] USP Lompoc (Room 1047, Clerks & Judges Copy). Are counts on which the defendant is sentenced and contained in the 4th Superseding Indictment.

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY**
[X] U.S. District Judge  October 6, 1988  [signature]
[ ] U.S. Magistrate

Date _____

United States of America / DEFENDANT [...]  United States District Court for [...] OF CALIFORNIA

DOCKET NO. — CR 87-571(D)-SVW

# JUDGMENT AND PROBATION/COMMITMENT ORDER

AO 245 (9/82)

**COUNSEL** — In the presence of the attorney for the government the defendant appeared in person on this date — MONTH 08  DAY 29  YEAR 88

[X] WITHOUT COUNSEL  However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel. The Court, however appointed a Legal Advisor, Richard Burda, to assist the

[ ] WITH COUNSEL ~~pro per defendant. Said legal advisor was present.~~
(Name of Counsel)

**PLEA**
[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,
[ ] NOLO CONTENDERE,    [ ] NOT GUILTY

There being a finding/verdict of
[ ] NOT GUILTY. Defendant is discharged
[X] GUILTY.

**FINDING & JUDGMENT**
Defendant has been convicted as charged of the offense(s) of Conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846 as charged in count 1, Manufacture, Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841(a)(1) as charged in counts 2-10, 12, 14-17, 19, 21-37, 39-43, Engaging in Narcotics Related Financial Transaction in violation of Title 18 USC 1956(a)(1)(A) as charged in counts 11, 18 & 20, Conspiracy to Distribute Cocaine in violation of Title 21 USC 846; 841(a)(1) as charged in count and Continuing Criminal Enterprise a violation of Title 21 USC 848 as charged in count 44 of the 4th Superceeding Indictment.

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

**SENTENCE OR PROBATION ORDER**
possibility of parole, as to count 44, and pay a fine to the United States in the amount of two million dollars ($2,000,000.00). IT IS FURTHER ORDERED that, as to count 37, the defendant is committed to the custody of the Attorney General for imprisonment for the term of LIFE. IT IS FURTHER ORDERED, as to counts 1-12 and 14-36, the defendant be committed to the custody of the Attorney General for a term of 20 years on each count. IT IS FURTHER ORDERED that the sentence herein imposed on count 37 shall run consecutive to the sentence imposed on count 44 and the sentence imposed on each of counts 1-12 and 14-36 shall run concurrent to each other and consecutive to that imposed in count

**SPECIAL CONDITIONS OF PROBATION**
IT IS FURTHER ORDERED that the defendant, whose address is: FCI, Leavenworth, Kansas, pay a special assessment to the United States in the amount of $2,200.00 ($50.00 on each count), payable to the U.S. Treasury. U.S. Attorney, 312 N. Spring Street, Los Angeles, CA 90012 (Room 1347, Claims & Judgments).  All counts to which the defendant is sentenced are contained in the 4th Superceeding Indictment. $1,850.00 — Correct Amount

**ADDITIONAL CONDITIONS OF PROBATION**
In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**
The court orders commitment to the custody of the Attorney General and recommends —

FILED: August 29, 1988
LEONARD A. BROSNAN, Clerk

I attest and certify on ___ that the foregoing document is a full, true and correct copy of the original on file in certified copy of this judgment office, and in my legal custody. and commitment to the U.S. Marshal or other qualified officer.

SIGNED BY
[X] U.S. District Judge
[ ] U.S. Magistrate

STEPHEN V. WILSON

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0070

Date _____

Case 2:87-cr-00571-SVW   Document 2379   Filed 10/20/16   Page 1 of 3   Page ID #:2722

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ELRADER BROWNING, Jr. _____ ELRADER BROWNING, Jr., Petitioner, v. UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, Respondent, UNITED STATES OF AMERICA, Real Party in Interest. | No. 16-71091 D.C. No. 2:87-cr-00571-SVW-1 Central District of California, Los Angeles ORDER |

Before: W. FLETCHER, GOULD, and BYBEE, Circuit Judges.

Petitioner Elrader Browning, Jr. was convicted in 1988 of 43 counts related to drug trafficking, including conspiracy to distribute drugs in violation of 21 U.S.C. § 846 (count 1) and being the principal administrator of a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(b) (count 44). On March 29, 2001, the district court rejected most of petitioner's arguments for

hmb/MOATT

habeas corpus relief under 28 U.S.C. § 2255, but granted petitioner's motion as to the argument that the drug conspiracy charge was a lesser included offense of the CCE conviction, and that cumulative sentences for the two convictions violated the Double Jeopardy Clause. *See Rutledge v. United States*, 517 U.S. 292, 307 (1996); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1582 (9th Cir. 1989). The district court's March 29, 2001 order vacated petitioner's drug conspiracy conviction and sentence on the condition that the conviction and sentence shall be reinstated if petitioner succeeds in having his CCE conviction and sentence vacated. This court affirmed the district court's decision. *See United States v. Browning*, No. 01-56161 (memorandum disposition, July 11, 2003).

The district court's docket reflects that the district court has not issued an amended judgment to vacate the conviction and sentence on count 1. Petitioner filed a petition for writ of mandamus in this court, requesting that the district court resentence him and vacate the drug conspiracy conviction and sentence. On July 20, 2016, this court ordered the real party in interest to file an answer. We have reviewed the government's answer and petitioner's reply.

The government agrees that mandamus relief is appropriate, and that this court should order the district court to issue a new judgment and commitment order. However, the government opposes any request for resentencing. In his

reply, petitioner again states he is seeking remand for resentencing, and also seeks reassignment to a different district judge on remand.

We have jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651, and we hold that mandamus is warranted under the circumstances of this case. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977). The district court clearly erred by failing to issue an amended judgment and commitment order after this court affirmed its March 29, 2001 order.

Accordingly, we grant the petition for mandamus relief. The district court shall enter an amended judgment and commitment order to vacate the conviction and sentence on count 1, consistent with the district court's March 29, 2001 order and this court's July 11, 2003 affirmance in appeal No. 01-56161. To the extent petitioner requests reassignment to a different district judge or resentencing proceedings, the requests are denied.

The Clerk shall serve this order on the district court and District Judge Stephen V. Wilson.

**GRANTED.**