# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

EIRADER BROWNING, JR.,
    Defendant,

V.

UNITED STATES OF AMERICA,
    Plaintiff.

No. 87-CR-00571-SVW

FILED
CLERK, U.S. DISTRICT COURT
FEB 2 5 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## DEFENDANT EIRADER BROWNING, JR.'s RESPONSE TO GOVERNMENT'S RESPONSE AND SUGGESTION TO HIS MOTION TO CORRECT AN ILLEGAL SENTENCE UNDER FED. R. CRIM. P. RULE 35(a) CR 2639

Comes now Petitioner EIRADER BROWNING, JR. in Pro-se who hereby files his response and opposition to the Governments response and suggested remedy to petitioners Fed. R. Crim. P. Rule 35(a) claims.

Petitioners motion argues and suggest that amongst other things it was error and illegal for the district court to hold a resentencing hearing in his absence. A resentencing that ultimately added both a term of supervised release and restitution, neither of

which existed on petitioners prior Commitment order. And at this resentencing petitioner was never given an opportunity to Allocute consistant with Rule 32(a)(1)(C).

Following an order of remand for resentencing from the Ninth Circuit Court of Appeals, the result of a Mandamus filed by petitioner. The district court was ordered to vacate Count 1, a 21 U.S.C. 846, conspiracy on the grounds that it was ruled to be a violation of double jeopardy to be both sentenced and convicted of both the conspiracy as charged in Count 1, and the 21 USC 848, as charged in Count 44.

And because the order to vacate both the conviction and sentence on Count 1, had the effect of unbundling petitiones sentence, petitioner had a right to be present and Allowed to Allocute for a lower sentence. Petitioner was prejudiced when he was not given this right of Allocution.

In their response the Government states that while the amended judgment does include new language about the conditions of supervised release and the order of repayment of financial sanctions including restitution, is without effect

2

because it does not order any term of supervised release or does not order defendant to pay any restitution.

The characterization by the Government of this substantive change to the Commitment order as surplusage is misleading. For one it is clear to petitioner that the district court was attempting to correct another illegal sentencing issue. See United States v. Kinsey, 994 F.2d 699 (9th Cir. 1993)(The Ninth Circuit assumed without deciding that a sentence that erroneously did not provide for parole eligibility was illegal.)

The district court here corrected this sentencing error without allowing petitioner a chance to allocute, again. A clear violation of rule 32(a)(1)(C). Regardless of whether or not there exist no order directing the when and how of it, it is an addition to the new Judgment and Commitment order and petitioner should have been allowed the chance to allocute.

For the district court to now just remove what the Government terms as surplusage language after now having brought attention to the fact that there was no supervised release in the original commitment order, and it was therefore an illegal sentence, to now remove it would put the district court in the position of knowingly creating

3

an illegal sentence to avoid giving petitioner his right to Allocute.

The remand order for resentencing from the Court of Appeals. The order to vacate count 1, 21 U.S.C. 846, conspiracy, unbundled petitioner's sentencing package and authorized the district Court to resentence petitioner on remand. United States v. Avila-Anguiano, 609 F.3d 1046 (9th cir. 2016)

The district Courts failure to give petitioner the opportunity to Allocute prejudiced him because the court could have lowered his sentence, see Gunning 401. F.3d 1145 (9th cir. 2005), see also Griffith v. Kentucky, 479 U.S. 314, 328 (1987) explaining that new rules for the conduct of criminal prosecutions apply retroactively to all cases not yet final.

Here, the district Court did not enter an Amended Judgment and Commitment order in accordance with the Court of Appeals remand order until March 10, 2017. And thus his conviction did not become final until that date.

Lastly, at a resentencing hearing petitioner could have/would have rised the issue of there being no findings of drug amounts anywhere in the sentencing record for any of his 21 U.S.C. 841(a)

4

counts, And that there was no finding likewise of drug Amounts by the jury on his 21 U.S.C. 848. Count As charged in count 44, And that at trial petitioner Asked the trial court to give jury A special verdict form for the C.C.E. 21 U.S.C. 848 count 44, And the district court refused.

## IN CONCLUSION

For the fore going reasons as outlined above petitioner believes a resentencing hearing is necessary to correct And put to rest all unsettled sentencing issues for once and for All. "When Justice isn't Blind its Broken"

Dated: 2-14-2020

                                 Respectfully Submitted
                                 Elrader Browning Jr
                                 Elrader Browning Jr
                                 * 86473-012
                                 United States Penitentiary High
                                 P.O. Box 7000
                                 Florence, CO 81226



RECEIVED
CLERK, U.S. DISTRICT COURT

FEB 25 2020

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

United States District Court
Central District of California
Office of The Clerk
255 East Temple Street, Room 180
Los Angeles, California 90012

3-012
-tentiary High
7000
e, CO 81226



Browning Elradee
# 86473-012
U.S. Penitentiary High
P.O. Box 7000
Florence, CO 81226

RECEIVED
CLERK, U.S. DISTRICT COURT

FEB 25 2020

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

United States District Court
Central District of California
Office of The Clerk
255 East Temple Street, Room 180
Los Angeles, California 90012